FRANCIS B. WALLACE and JOHN P. PHILLIPS, Respondents, v. THEODORE BERDELL, Appellant.

*Pledge of stock as collateral to a loan—right of the pledgee to sell it without notice to the pledgor.*

Appeal from an order and a judgment entered thereon overruling a demurrer interposed to the complaint on the ground of its frivolousness.

The complaint in this case alleged that on the 18th of September, 1873, the plaintiffs advanced to the defendant the sum of

$19,800, taking as security therefor certain shares of stock, and that on the 19th of September, 1873, the stock was sold and the plaintiffs received for it the sum of $18,200 which was credited on the account, and, after stating certain amounts of interest, demanded judgment for the difference between those two sums and such interest. The defendant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and on motion the demurrer was stricken out as frivolous. The demurrer was interposed on the theory that the plaintiffs had no right to sell the stock which was given as collateral security for the advance, according to the statement made in the complaint, without having demanded the payment of the advance and given notice of the time and place of sale of the stock.

The court at General Term said : " The error of the defendant's counsel consists in treating this as a case of the purchase and sale of stock which, according to the allegations of the complaint, it does not appear to have been. It was a loan or advance of money to the defendant, for which the stock was taken as collateral, and not a purchase of stock upon a margin or in any other mode. It is, therefore, not within that class of cases which hold that in such transactions it is necessary to give notice. of the time and place of the sale of the stock bought on account of the defendant. Whether the collateral given herein was improperly sold or not is a matter for investigation upon the trial.

The general rule is that a party having several remedies for the recovery of the same debt may resort to all of them though he can have but one satisfaction. (*Gambling* v. *Haight*, 59 N. Y., 354.) The stock having been deposited as collateral security for an advance or loan of money might therefore be disposed of for the payment of the advance, but its improper conversion would constitute a good defense to the action brought to recover the loan.

If, therefore, the stock deposited as collateral security by the defendant was improperly disposed of, and the defendant suffered in consequence, he could avail himself of the circumstance as a defense. The plaintiffs' demand being for an advance or loan of money it would have been sufficient if they had stated simply that the defendant was indebted to them for an amount of money loaned and advanced, which would make a perfectly good complaint. But

they have chosen to state the particulars, namely, that an advance of money was made, that stock was received as collateral, that it was sold and that it produced a certain sum of money which, being deducted from the advance made, left a balance which, with accrued interest, amounted to the sum stated. It was not necessary in a case like this for them to allege the demand for the advance and notice of the contemplated sale of the securities. This would form, if the defendant were prejudiced by it, the subject of a legal defense, as already suggested, but it does not constitute a good cause of demurrer, inasmuch as it does not appear from the facts stated in the complaint that the plaintiffs were not fully authorized to make the sale of the stock which was consummated. In order to determine that the sale was unauthorized we should have to assume that, by the agreement between the parties, the sale was not to be made until after demand for the payment of the loan was made and notice of the sale of the stock given."

*David Tomlinson*, for the appellant.

*S. W. Fullerton*, for the respondents.

Opinion by BRADY, J.; DAVIS, P. J., and DANIELS, J., concurred. Judgment and order affirmed, with costs.